## ACTIONS AGAINST DEFUNCT CORPORATIONS AND THEIR TRUSTEES.

Common Pleas Court of Licking County.

ED. LERENMAN v. THE OHIO GERMAN FIRE INSURANCE CO. ET AL.

Decided, January Term, 1910.

*Corporations—In the Hands of Trustees Under Quo Warranto .Proceedings—Venue of Action Against—Summons—Jurisdiction—Construction of Sections 12328 and 12329.*

Jurisdiction may be obtained over a defunct corporation in an action brought in a county other than the one in which its principal place of .business was located, but such jurisdiction does not extend to the trustees individually who are administering the affairs of the corporation, and a motion to quash the service as to the trustees individually will lie.

*A. A. Stasel* and *A. S. Mitchell,* for plaintiff.
*King, Tracy, Chapman & Welles,* contra.

SEWARD, J. (orally).

This case is submitted to the court on a motion to quash the service of summons. The Ohio German Fire Insurance Company is a corporation organized in Ohio. It went into the hands of trustees by proceedings in quo warranto, brought in Lucas county, at Toledo, some time ago, and the trustees are made parties defendant, together with the company. A motion is made to quash the service of summons upon the trustees because the court has no jurisdiction of the trustees, they being located in Lucas county.

Section 6781 provides that the court may appoint trustees and that the trustees shall have power to settle the affairs of the company. That is the provision of the section, substantially. The substance is that the court shall appoint trustees.

Section 6782 gives power to the trustees to · take possession of the property and assets of the company, with authority to

bring suit, and attaches a liability of the trustees to the creditors
and stockholders.

These two sections of the statute were amended by the Legis-
lature on March 12, 1909, and that amendment is found in
Volume 100 of the year book annual laws, at page 102.   I read
from Section 6882:

"If, in the judgment of such trustee or trustees, any claim
or claims so filed with them are for any reason not valid claims
against the estate of such corporation, such trustee or trustees
shall notify the claimant or claimants that their respective claims
are rejected by written notice by registered mail, directed to their
last known address.  Such claimants at any time within ninety
days from the mailing of such notice of rejection shall have the
right without leave of court to sue such trustee or trustees for
the recovery of such claim or claims in any court of competent
jurisdiction in the county in which such corporation has or had
its last principal place of business.  [That would be in Lucas
county.]   And should such suit finally terminate in favor of
such claimant, the judgment therein obtained by him shall be
entitled to share with other claims against said corporation."

. Now, this amendment certainly gives the right to the creditors
of this company to bring their suit against the trustees.  As I
construe the statutes, there was no right to bring suit against
the trustees prior to this enactment of March 12, 1909.  There
was a provision for bringing a suit against the corporation, and
service of summons upon the trustees or receivers;  but never
before was there a provision, as I can find, where the creditors
had any right to pursue the trustees and ask a judgment against
them.  Section 5684 provides:

"Any such dissolved corporation [that is, after the dissolu-
tion of the corporation] may be sued by its corporate name,
for or upon any cause of action accrued, or which, but for the
dissolution, would have accrued against it, in the same manner,
and with the like effect, as if it were not dissolved; and all
process by which an action is instituted against such corporation
may be served by the sheriff, or other proper officer, by deliver-
ing to any one of the assignees, trustees, or receivers, or persons
having charge of its assets, a copy thereof, or by leaving such

copy at the residence of any such assignee, trustee, receiver or person.''

So that an action might be brought against a dissolved corporation, and service had upon the receiver or trustee, and thus bring the dissolved corporation into court to answer to the cause of action set up in the petition, but there was no provision, before the enactment of March 12, 1909, for bringing a suit against the trustees. The trustee is only now required to answer for funds that might be in his hands.

It is claimed that Section 5023 fixes the venue. It does if the defendant is an insurance company. Not by reason of the cause of action, but by reason of the character of the defendant. The statute so says:

''But if such corporation is an insurance company, the action may be brought in the county wherein the cause of action, or some part thereof, arose.''

That is, the reason does not grow out of the action itself, but out of the fact that the defendant is an insurance company. But, that does not help us any in the matter we are considering now. The question is as to the service upon these trustees, and the right to make them answer in this case.

It is claimed that this legislation—the act of March 12, 1909 —is retroactive, and, therefore, in conflict with the Constitution. But the legislation affects the remedy, and not the right, if it affects it at all. Jurisdiction as to right to hear and determine a controversy is acquired by bringing the parties and the subject-matter before the court. The county in which the action is to be brought, as well as the mode of acquiring jurisdiction by notice, is regulated by statute, and subject to change by the Legislature at any time. This is held in the 1 N. P. R., —, a well-considered case by Judge Pugh, who was formerly on the bench in Franklin county; and 31 O. S., 384, and other cases.

So that the court thinks the motion to quash the service of summons on these trustees is well taken, and it will be sustained.

By Mr. Stasel: Of course, this court decides that the trustees are not proper parties defendant. Now, that is a proper

determination of a motion of this character. The service upon them as trustees is service upon the Ohio German Insurance Co., and, to that extent, of course, the service should not be quashed. Under the statute, service upon the trustees is service upon the corporation.

The Court: If you are not seeking any remedy against the trustees, I think your contention is right.

By Mr. Stasel: There isn't any judgment asked against them. They are made parties merely because they are trustees, but I do not think you will find any prayer for judgment against them.

The Court: Why are they made parties?

By Mr. Stasel: Simply to define the service of process upon the corporation; simply to get jurisdiction over the defendant corporation.

The Court: If there is no relief sought here against the trustees, the service would be good as against the corporation, because you have a right to maintain the action against a defunct corporation. The court will look at the case with a view of determining whether you ask for any relief against the trustees. There is no question about your right to bring a defunct corporation into court and litigate the matter, because the statute so provides. If you ask for any relief against the trustees, I think the holding of the court is right. I did not see why they should be made parties personally, unless you did ask relief against them.

(And afterwards a journal entry was placed upon the journal leaving the service of summons stand *as against the company*.)